# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 08-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ISAM JARADAT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned upon a Violation Report (#46) filed in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the Defendant was present with his counsel, John Olesiuk, and the Government was present through Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, denied the allegations contained in the Violation Report. The Violation Report was introduced, without objection, into evidence.

The Defendant was charged in a bill of information (#1) filed on February

24, 2014 with one count of aiding and abetting others in interstate commerce to receive drugs that were misbranded, in violation of 21 U.S.C. § 331(a) and 331(c) and an additional count of possession of drug paraphernalia, in violation of 21 U.S.C. § 863. On March 5, 2014, Defendant entered a plea of guilty to count one of the bill of information. The undersigned entered an order at that same time releasing Defendant on terms and conditions of pretrial release (#25).

The conditions of release of Defendant included the following:

(1)  That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(8)(p)  Defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On June 24, 2014, the United States Probation Office filed a Violation Report alleging that Defendant had violated the conditions of bond in that on May 13, 2014 Defendant submitted an urine sample that tested positive for marijuana.

Evidence was presented by proffer from both Assistant United States Attorney David Thorneloe and from Mr. Olesiuk, the attorney for the Defendant. The proffers show that after being released on terms and conditions of presentence release, the Defendant had complied with all conditions of release. After being

notified by United States Probation Officer Steve Cook that he had tested positive for use of marijuana, the Defendant protested that he had not used marijuana and upon advise of counsel immediately obtained a chemical analysis of his blood which showed that Defendant had not used marijuana. After presenting the results of the private test obtained by the Defendant to Officer Cook, the Defendant was requested by Officer Cook to submit to a third test. This test showed that the Defendant had not used marijuana.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned cannot find there is probable cause to believe that the Defendant has committed either a federal or state crime while on release. Nor can the undersigned find by clear and convincing evidence that the Defendant violated the condition of release that required that he not possess or use a controlled substance. At best, the evidence is conflicting in this case and does not meet the standard of clear and convincing proof and evidence that Defendant violated the term and condition of his pretrial release which required that he not use a controlled substance.

As a result of the above referenced findings, the undersigned has determined to enter an order denying and dismissing the Violation Report (#46).

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Violation Report (#46) is **DENIED** and **DISMISSED.**

Signed: June 27, 2014

Dennis L. Howell
United States Magistrate Judge